RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 11/1/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DONALD K. SMITH | CIVIL ACTION NO. 11-cv-1384; SEC. P |
| LA.DOC #337578 | |
| VERSUS | JUDGE DEE D. DRELL |
| TIM WILKINSON, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION TO DISMISS ALL BUT ONE DEFENDANT

Pro se plaintiff Donald K. Smith, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is is incarcerated at the Rayburn Correctional Center in Angie, Louisiana. However, he complains that his constitutional rights were violated while housed at Winn Correctional Center (WNC) in Winnfield. He names as defendants Warden Tim Wilkinson, Sgt. Smith, Unknown Security Officers, Winn Correctional Center, and Corrections Corporation of America.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED** as to all defendants except Sgt. Smith.

### Background

Plaintiff alleges that on August 21, 2010, while housed in ELM D-1 of WNC, he was brutally attacked by inmate Derek Hale.

Plaintiff suffered multiple stab wounds, one of which was life-threatening. [Doc. #1, p.4] The attack followed a prior incident in which an inmate was caught with a cell phone. Inmate Hale confronted Plaintiff because Sgt. Smith told Hale that Plaintiff had ratted on Hale's friend. Sgt. Smith's statement was not true, but it caused Hale to blame Plaintiff and prompted the attack. [Doc. #1, p.4]

### *Law and Analysis*

"It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." Longoria v. Texas, 473 F.3d 586, 592 (5th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832-33 (1994)). This duty, which is grounded in the Eighth Amendment's prohibition against "cruel and unusual punishments," is nevertheless a limited one. See Farmer, 511 U.S. at 832-34. To state a claim for failure to protect, an inmate must allege that (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and that (2) a prison official was "deliberately indifferent" to this risk. Id. at 834.

A prison official is "deliberately indifferent" to a risk when he **"knows of and disregards an excessive risk to inmate health or**

**safety.**" Id. at 837. To "know of" a risk, an official must be "subjectively aware" of the risk: that is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; see also Adames v. Perez, 331 F.3d 508, 512 (5th Cir. 2003). Finally, even if a prison official was subjectively aware of the risk, he may be found free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844.

Courts have long recognized that being labeled a "snitch" in the prison environment can indeed pose a threat to an inmate's health and safety in violation of the Eighth Amendment. See United States v. Henderson, 565 F.2d 900, 905 (5th Cir. 1978)("the life of a 'snitch' in a penitentiary is not very healthy"); see also Comstock v. McCrary, 273 F.3d 693, 699 n. 2 (6th Cir. 2001)(noting that prisoner labeled a snitch could become a target for other prisoners' attacks). Because being labeled a snitch could place an inmate's life in danger, it follows that he would have a protected liberty interest in not being labeled one. The only defendant who allegedly held Plaintiff out as a snitch is Sgt. Smith. It is not alleged that any other defendants had any

3

part in Smith's actions.

Plaintiff complains that inmate Hale is known to be a violent inmate; therefore, he should not have been housed in the general population. "Prisons are necessarily dangerous places; they house society's most antisocial and violent people in close proximity with one another. Regrettably, '[s]ome level of brutality... is inevitable no matter what the guards do ... unless all prisoners are locked in their cells 24 hours a day and sedated.'" See Farmer v. Brennan, 511 U.S. 825, 858-59 (1994)(J. Thomas, concurring).

Plaintiff also names Winn Correctional as a defendant. Federal Rule of Civil Procedure 17(b) provides the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether Winn has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person". This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. Art. 24. A review of the Louisiana Secretary of State's corporation database suggests that Winn is not a corporation, and, as such, not a juridical person.

Plaintiff seeks to hold CCA liable under §1983 for the acts of its employees. However, just as a municipal corporation is not

4

vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, so is a private corporation not vicariously liable under §1983 for its employees' deprivations of others' civil rights. See Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003); Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999); Street v. Corrections Corporation of America, 102 F.3d 810, 817-18 (6th Cir. 1996)(CCA cannot be held liable under §1983 on respondeat superior or vicarious liability basis). Rather, a private corporation is liable under §1983 only when an official policy or custom of the corporation causes or is the "moving force of the constitutional violation." The compliant is devoid of any allegations that an official policy or custom of CCA was the "moving force" behind its employees' alleged deprivation of Plaintiff's civil rights.

Similarly, Warden Wilkinson cannot be held vicariously liable for the actions of his employees. See Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir. 1994), cert. denied, 514 U.S. 1107 (1995). "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in Plaintiff's injuries." Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. denied, 508 U.S. 951 (1993). Plaintiff has made no allegations of personal involvement or the implementation

of unconstitutional policies by Wilkinson.

## Conclusion

For the forgoing reasons, Plaintiff's complaint fails to state a claim for which relief may be granted pursuant to 42 U.S.C. §1983 as to Wilkinson, CCA, Winn Correctional, and unknown officers. **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED and DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) as to **all defendants except Sgt. Smith**. An order directing service of process on Sgt. Smith will be issued.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.**

1996).

    Thus done and signed at Alexandria, Louisiana, this 1st day of November, 2011.

                              JAMES D. KIRK
                              UNITED STATES MAGISTRATE JUDGE